IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MARC EDWARD LEMEUR                                              PLAINTIFF

      v.                        Civil No. 08- 5241

JUDGE JOHN R. SCOTT;
PARALEGAL ROBIN LEMEUR;
JUDGE DOUG SCHRANTZ;
SHERIFF KEITH FERGUSON;
CAPTAIN HUNTER PETRAY;
ATTORNEY MICHAEL SHONE                                         DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Marc Edward LeMeur (LeMeur) filed this civil rights action under the provisions of 42

U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  The case is before me for a

determination of whether the complaint should be served on the defendants.

### Background

The complaint consists of a short form complaint which is accompanied by numerous

attachments.  All together the complaint and attachments total sixty-two pages of material.  Many

of the pages attached to the  complaint consist of "affidavits" in which LeMeur declares that he

is a "natural born, sovereign (state) Citizen of the united states of America (1787), NOT a citizen

governed under naturalization or immigration NOT a 14th Amendment '*person*' or '*U.S. citizen,*'

NOT subject to the statutory, colorable law jurisdiction of the *United States* in the corporate

monopoly of the federal, State, local and Municipal governments."  He also attaches affidavits

suggesting he is not subject to taxation under the Internal Revenue laws, and/or has not received

-1-

AO72A
(Rev. 8/82)

proper notice to be taxed under such laws, and or is entitled to tax-exempt status as he is not a legal person born or naturalized in the federal United States and therefore falls within the definition of a nonresident alien for purposes of taxation.  In another affidavit he revokes any past signatures or authorization on Internal Revenue Service forms (1040's and W-4's), Social Security Administration forms, driver's licenses, vehicle registrations, birth or trust certifications, voter registrations, and other franchises with any agency of the government.

In another affidavit he purports to revoke any power of attorney having to do with him, whether signed by him, his agent, parents, or parens patriae, whether done with or without his knowledge and consent.   He also attaches an affidavit in which he purports to revoke a state trusteeship over any motor vehicles evidenced by a certificate of title with his name as the beneficial holder.

Finally, he submits the following:  an affidavit in which he states he has an unalienable, fundamental, unrestricted, and unregulated right to operate his motor vehicle on any public walkway and highway unhindered by statutory law or Department of Motor Vehicle regulation; an affidavit in which he purports to withdraw from participation in the Social Security Program; and,  an affidavit in which he purports to state he is exempt from withholding of federal taxes from any private sector remuneration he may receive.

He has submitted a document entitled "notice and demand" addressed to all elected, appointed or employed officials including police officers, judicial officers, officers of the court, prosecutors, agents, employees or representatives of the City, County, State and/or Federal Government, including corporations, trusts and attorneys.   This notice states that these individuals  can no longer presume to act on his behalf or take any action without his express written consent. He asserts that any action involving a citation or ticket, extortion, confiscation,

-2-

false arrest, impoundment, or illegal search and seizure of his private property, or arrest, will be considered a willful act to deprive him of his constitutionally protected Due Process rights as a natural-born American National and/or "state"citizen.  A document entitled "notice and demand" directed at public officials including law enforcement officers advising them that any demand for State-issued driver's license, vehicle registration, or proof of insurance will be considered a penalty or sanction against this sovereign state Citizen.

Also attached to the complaint are various grievances LeMeur submitted while incarcerated at the Benton County Detention Center (BCDC).  The grievances addressed the following issues:  (1) dated October 7, 2008, use of his Social Security Number that had been revoked and rescinded; (2) dated October 5, 2008, use of his Social Security Number that had been revoked and rescinded; (3) dated October 5, 2008, stating his status was an American National Sovereign and requesting that he be treated as such with all his constitutional rights intact; (4) dated October 7, 2008, complaining that he is an American National Sovereign and not part of the Social Security System and his Social Security Number should not be used by the Sheriff's Office; (5) dated October 4, 2008, stating he was supposed to receive a cardiac diet but was getting a diabetic diet and the portions were too small; (6) dated October 5, 2008, complaining that he was receiving a diet tray instead of a cardio diet tray; (7) dated October 5, 2008, stating he would like to have the heart medicine Dr. David Thorpe prescribed; (8) dated October 6, 2008, stating he needed medications prescribed by Dr. David Thorpe and was feeling worse with symptoms including chest pains, fatigue, and tiredness; (9) dated October 6, 2008, not receiving three nutritionally balanced meals and was receiving diabetic meals not cardiac meals; (10) dated October 8, 2008, meals are very small portions, feeling worse, headaches, chest pains; (11) dated October 11, 2008, would like regular diet and not take any additional drugs;

(12) dated October 12, 2008, the meals are about ½ the size the other inmates receive asked for a regular diet and complained of having headaches from not receiving enough food; and (13) dated October 13, 2008, complaining he gets a diet tray and would like a regular tray.

With respect to the BCDC, LeMeur contends he was being forced to take medication for his heart that made him worse. LeMeur indicates the jail doctor put him back on other medication which had caused increased chest pain. Moreover, he indicates he had been put on what was referred to as a cardio diet but contained an insufficient amount of food.

With respect to Judge John R. Scott, LeMeur indicates he has felony criminal charges against him in Benton County. LeMeur indicates he appeared before Judge Scott in connection with these charges and attempted to argue jurisdiction. LeMeur indicates he informed Judge Scott that he was an American National Sovereign and had affidavits signed and filed with the county. However, Judge Scott "refused even consideration let alone answer my arg[u]ment." LeMeur maintains Judge Scott is prosecuting him under the family court and the Social Security Act which LeMeur maintains he is not part of. Finally, LeMeur states that in the past he has not been allowed to present the facts in his divorce and child support case in Judge Scott's court.

With respect to Robin LeMeur, he indicates she is his ex-wife and also acted as "council" and "paralegal" in some of the proceedings. LeMeur indicates Michael Shone is the attorney from the Arkansas Department of Finance and Administration's Office of Child Support Enforcement who was involved in LeMeur's case. Judge Doug Schrantz and Judge John Scott are both Circuit Judges on the Nineteenth West Judicial Circuit in Benton County.

As relief, LeMeur indicates he would like to sue for a monetary "settlement and incarceration."

-4-

## Discussion

Several of LeMuer's claims are subject to dismissal.  First, his claims against Judge Scott and Judge Schrantz are subject to dismissal.   The Judges are immune from suit.  *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  *See also Duty v. City of Springdale*, 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations:  (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210.  As amended by the FCIA  § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's

-5-

judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

LeMeur does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent LeMeur seeks injunctive relief his claims are subject to dismissal.

Second, his claims against Michael Shone are subject to dismissal. In his capacity as counsel for the Office of Child Support Enforcement, Shone represents the State's interest in pursuing criminal non-support charges and contempt charges against LeMeur. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the

-6-

allegations of the complaint, it is clear the Shone is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent LeMeur's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. LeMeur can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam*, 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate); *Hawthone v. Langley*, 2001 WL 333057 (Ark. Apr. 5, 2001)(recognizing the circuit court has authority to direct its clerk to perform duties pertaining to a case filed in that court).

-7-

Third, LeMeur's claims against his ex-wife Robin LeMeur are subject to dismissal.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

A private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law.  *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).

To the extent LeMeur has named Robin LeMeur as a defendant because she engaged in work as a paralegal or clerk for Judge Schrantz, that claim also fails.  "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted).  *See Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its

AO72A
(Rev. 8/82)

whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).  To the extent LeMeur seeks declaratory or injunctive relief against Robin LeMeur, his claims for equitable relief are subject to dismissal for the same reasons his similar claims against Judge  Scott and Judge Schrantz were subject to dismissal.

Finally, to the extent LeMeur seeks relief in the form of release from incarceration, such relief is not available under § 1983.  Rather, habeas corpus is the exclusive remedy for an individual challenging the fact or duration of a sentence of imprisonment and seeking immediate or a speedier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

## Conclusion

For the reasons stated, I recommend that all claims against Judge John R. Scott, Judge Doug Schrantz, Attorney Michael Shone, and Robin LeMeur be dismissed as the claims are frivolous, asserted against individuals immune from suit, or fail to state claims upon which relief may be granted.  *See* 28 U. S.C. § 1915(e)(2)(action may be dismissed on such grounds at any time).       This leaves for later determination LeMeur's claims against Sheriff Keith Ferguson and Captain Hunter Petray.  I will by separate order direct service on these defendants.

**LeMeur has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  LeMeur is**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 25th day of March 2009.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-10-